NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2348
_____

SHERWANE JEOVAL WILLIAMS,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

_____

On Petition for Review of a Final Order of the Board of Immigration Appeals
Immigration Judge:  Hon. Walter A. Durling
(A055-962-616)
_____

Submitted under Third Circuit LAR 34.1(a)
on February 8, 2016

Before: FUENTES, KRAUSE, and RENDELL, Circuit Judges

(Filed: August 31, 2016)

_____

OPINION[*]
_____

FUENTES, Circuit Judge.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioner Sherwane Williams seeks review of an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's decision pretermitting his application for cancellation of removal and directing his removal to Jamaica. For the following reasons, we will affirm the BIA's order and deny Williams's petition for review.

I.

Williams, a citizen of Jamaica, entered the United States as a lawful permanent resident in December 2002. Following his admission, Williams was twice convicted of unlawful possession of marijuana in violation of Virginia law. The first offense occurred in December 2008, just over six years after Williams was admitted as a lawful permanent resident. Williams's second offense occurred in July 2010, approximately seven and one-half years after his admission. Williams was subsequently charged with removability for having a conviction relating to a controlled substance other than a single offense involving possession of less than thirty grams of marijuana for personal use.[1]

During removal proceedings, Williams conceded his removability but argued that he was eligible for cancellation of removal. To be eligible for cancellation of removal, a permanent resident must show, *inter alia*, that he has resided in the United States continuously for seven years after being admitted.[2] Under the so-called "stop-time" rule, however, the continuous-residence period is deemed to end when an alien commits an

---

[1] 8 U.S.C. § 1227(a)(2)(B)(i)

[2] 8 U.S.C. § 1229b(a)(2).

2

offense, like Williams's first possession offense, that would otherwise render him inadmissible to the United States under 8 U.S.C. § 1182(a)(2).[3] Because Williams committed his first offense six years after being admitted, he had not accrued enough time to be eligible for cancellation of removal. Williams argued, however, that he could seek a waiver of inadmissibility as to the first offense under 8 U.S.C. § 1182(h) and thereby avoid the stop-time consequences of that offense. Williams also moved to withdraw his application for admission to the United States.

The Immigration Judge ruled that Williams could not seek a Section 1182(h) waiver to avoid the stop-time rule and ordered Williams be removed to Jamaica. The BIA affirmed, holding that Section 1182(h) waivers are only available to aliens seeking a visa, admission to the United States, or an adjustment of status. This petition for review followed.

## II.[4]

We review the BIA's legal determinations *de novo*, but afford *Chevron* deference to the BIA's "reasonable" interpretation of the statutes it is charged with administering.[5] Williams claims that 8 U.S.C. § 1182(h) permits the Attorney General to waive the effect of his December 2008 offense and overcome the stop-time bar to cancellation of removal. We see no error in the BIA's contrary ruling, and will therefore affirm.

---

[3] 8 U.S.C. § 1229b(d)(1).

[4] The BIA had jurisdiction to review Williams' petition pursuant to 8 C.F.R. § 1003.1(b)(3). We have jurisdiction to review the BIA's order pursuant to 8 U.S.C. § 1252(a)(1).

[5] *Toussaint v. Att'y Gen. of the U.S.*, 455 F.3d 409, 413 (3d Cir. 2006).

Under the INA, an alien who violates a state law relating to a controlled substance is inadmissible.[6]  Williams's December 2008 marijuana offense was just such a violation, and therefore triggered the stop-time rule.[7]  Section 1182(h), however, provides that

> The Attorney General may, in his discretion, waive the application of [Section 1182(a)(2)(A)(i)(II)] insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana if . . . the Attorney General, in his discretion . . . has consented to the alien's applying or reapplying for a visa, for admission to the United States, or adjustment of status.[8]

Williams argues that permanent residents may invoke this provision to "waive" a low-level marijuana possession offense that would otherwise trigger the stop-time bar to cancellation of removal.  As the BIA correctly observed, however, Section 1182(h) by its very terms applies only when an alien is "applying or reapplying for a visa, for admission to the United States, or adjustment of status."[9]  Cancellation of removal is not one of these enumerated categories.  Absent any indication that Congress intended to permit an alien to seek a Section 1182(h) waiver in conjunction with an application for cancellation of removal, Williams's claim must fail.

The BIA's decision in *Matter of Bustamante*,[10] relied on heavily by the petitioner, undercuts rather than supports his argument.  In *Bustamante*, the BIA considered whether a nonpermanent resident applying for cancellation of removal could seek to waive a

---

[6] 8 U.S.C. § 1182(a)(2)(A)(i)(II).

[7] *See* 8 U.S.C. § 1229b(d)(1).

[8] 8 U.S.C. § 1182(h).

[9] *Id*.

[10] 25 I. & N. Dec. 564 (BIA 2011).

4

disqualifying conviction under Section 1182(h). The BIA held that Section 1182(h) waives only the grounds of inadmissibility arising from the conviction, not the fact of the conviction itself.[11] By the same logic, here, even if Section 1182(h) waivers were available to permanent residents applying for cancellation of removal (which they are not) the waiver would only waive the grounds of inadmissibility arising from Williams's drug offense, not the fact of the offense itself. Williams still would be subject to the stop-time rule as an alien who "has committed an offense referred to in [8 U.S.C. § 1182(a)(2)] that renders the alien inadmissible to the United States."[12]

Finally, Williams argues that he should be permitted to withdraw his application for admission into the United States. Williams, however, has already been admitted to the United States. By regulation, an immigration judge is only permitted to allow an *arriving* alien to withdraw an application for admission—not one who is already lawfully admitted.[13] The BIA therefore correctly refused to permit Williams to withdraw his application for admission.

### III.

We acknowledge that Williams is paying a heavy price for what seem to be trivial drug possession offenses. The narrow question before us, however, is whether the BIA

---

[11] *Id.* at 567.

[12] 8 U.S.C. § 1229b(d)(1); *see also Sanchez v. Holder*, 560 F.3d 1028, 1032 (9th Cir. 2009) ("A statute giving the Attorney General discretion to grant relief from *inadmissibility* does not give the Attorney General discretion to grant relief from *removal*.") (emphasis in original).

[13] 8 C.F.R. § 1240.1(d); *United States v. Cisneros-Resendiz*, 656 F.3d 1015, 1021 (9th Cir. 2011).

erred as a matter of law in rejecting his appeal. The statutory scheme, as drafted, simply does not authorize the relief that Williams seeks. Accordingly, and for the foregoing reasons, we will affirm the judgment of the BIA and deny Williams's petition for review.